IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JIMMY L. KERFOOT, | : | |
| Plaintiff | : | |
| v. | : | 1:05-CV-94 (WLS) |
| HAROLD BREEDEN, et. al., | : | |
| Defendants | : | |

**ORDER**

Before the Court is Defendant Lee County, Georgia's Motion to Dismiss Amended Complaint. (Doc. 30). For the following reasons, Defendant Lee County, Georgia's Motion to Dismiss Amended Complaint (Doc. 30) is **GRANTED**.

**DISCUSSION**

**I.  Background**

Plaintiff initiated this action on July 14, 2005 against Defendant Harold Breeden ("Defendant Breeden") in his individual capacity, and in his official capacity as the Sheriff of Lee County, Georgia, and Lee County, Georgia, by and through its Board of County Commissioners ("Defendant Lee County"). (Doc. 1). In response to Plaintiff's complaint, Defendants filed separate motions to dismiss on August 17-18, 2005. (Docs. 6, 9). Thereafter, on September 22, 2005, Plaintiff filed responses to Defendants' motions and a motion to amend his complaint. (Docs. 18, 19, 20). On December 20, 2005, the Court entered an order denying Defendants' motions to dismiss without prejudice and granting Plaintiff's motion to amend. (Doc. 25). Thereafter, Plaintiff filed his amended complaint on March 15, 2006. (Doc. 28).

In his amended complaint, Plaintiff claims that Defendants: 1) deprived him of his right to free speech, 2) deprived him of his right to a free and fair election, and 3) deprived him of his right to seek elective office. (Doc. 28). He seeks redress for these alleged constitutional

violations pursuant to 42 U.S.C. § 1983. *Id.*  Here, Defendant Lee County, Georgia moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the above-captioned action as against it for failure to state a claim for which relief can be granted. (Doc. 30).

**I.    Motion to Dismiss Standard**

"On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." Stephens v. Dep't of Health and Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).  "A motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (internal quotations omitted)). While "a plaintiff is not held to a high standard with respect to a motion to dismiss for failure to state a claim," to survive such a motion, Plaintiff "must do more than merely state legal conclusions; [he is] required to allege some specific factual bases for those conclusions or face dismissal of [his] claims." Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citing Wagner v. Daewoo Heavy Industries Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc)). Nevertheless, motions to dismiss are viewed with disfavor and are rarely granted. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

**II.   Plaintiff's Statement of Facts**

Plaintiff alleges the following facts in his amended complaint.   On or about April 26, 2004, Plaintiff, a resident of Lee County, Georgia, filed an application with the Lee County Board of Elections to seek elective office as Sheriff of Lee County, Georgia, as a Republican Party candidate.   After filing his application, Plaintiff was initially certified as a candidate to seek elective office in Lee County. (Doc. 28).

On or about April 30, 2004, Defendant Breeden, then the incumbent Sheriff of Lee County, using his office as Sheriff of Lee County (by use of official letterhead), filed a request

for Disqualification of Plaintiff as a candidate for the Office of Sheriff of Lee County.  The stated grounds for the disqualification request were: 1) Plaintiff did not satisfy the requirement of providing a certified copy of a high school diploma or recognized equivalent in a timely manner as required by law, 2) Plaintiff did not satisfy the requirement of providing a certified copy of his birth certificate in a timely manner as required by law, and 3) Plaintiff filed a false affidavit when he swore and affirmed that the information on said affidavit was correct.  (Doc. 28, Exh. A). Plaintiff, a 1976 Lee County High School ("High School") graduate, unsuccessfully attempted to obtain a certified copy of his high school diploma from the High School.  (Doc. 28).  As a result of Defendant Breeden's request, Plaintiff was decertified as a Republican Party candidate to seek elective office as Sheriff of Lee County.  *Id*.

Initially, Plaintiff appealed the aforesaid decertification.  He abandoned said appeal and thereafter filed an application as an independent candidate to seek elective office as Sheriff of Lee County.  Plaintiff's application as an independent candidate to seek elective office as Sheriff of Lee County was initially certified.  Subsequently, Plaintiff's application as an independent candidate to seek office as Sheriff of Lee County was decertified.  Due to Plaintiff's unsuccessful attempts at certification as a candidate for the office of Sheriff of Lee County, ballots for the 2004 elections for Sheriff of Lee County were printed without bearing Plaintiff's name.  *Id*.

Thereafter, Plaintiff campaigned as a write-in candidate for Sheriff.  Deputies employed by Defendant Breeden as Sheriff of Lee County, and acting under Defendant's instructions: 1) threatened to arrest Plaintiff if he did not remove campaign signs, 2) researched Lee County property records to determine ownership of properties displaying Plaintiff's campaign signs, and 3) harassed and intimidated owners of properties which displayed Plaintiff's campaign signs, by informing said owners that they "could have problems."  *Id*.  Furthermore, the Committee to Re-Elect Breeden caused to be published on October 27, 2004 in the *Lee County Ledger*, a written advertisement which alleged, *inter alia*, that Plaintiff had been served with 22 civil lawsuits in

local courts during the last 4 years for not paying bills and that Plaintiff had been arrested 3 times. (Doc. 28, Exh. C). Plaintiff publicly denied that he had been sued 22 times and asserts that, although he had been accused of criminal acts, he had never been arrested and had never been jailed. (Doc. 28).

On or about November 1, 2004, Defendant Breeden gave an interview to WALB television station, while sitting at his desk in the Sheriff's Office wearing a shirt upon which the words "Sheriff of Lee County" were printed. *Id*. In that interview, Defendant Breeden waved documents before the camera and stated that those documents proved that Plaintiff had been served with 22 lawsuits and that Plaintiff had been in the Lee County jail on three occassions. During the course of the interview referred to in the preceding paragraph, Defendant Breeden provided the interviewer with a photograph that was alleged to have been a "mug shot" taken in connection with an arrest of Plaintiff. *Id*. Plaintiff contends that alleged "mug shot" is an "altered document." *Id*. Plaintiff further contends that he was not served with twenty-two (22) civil lawsuits by Lee County Sheriff's deputies, that he has never been jailed in the Lee County jail, and that no "mug shot" has ever been taken of him by any employee of the Lee County Sheriff's Office in the Lee County Jail. *Id*.

### III.     Defendant Lee County, Georgia's Motion to Dismiss

Defendant Lee County moves to dismiss Plaintiff's claims against it, asserting that the amended complaint contains no allegation that any act or omission on the part of Defendant Lee County violated Plaintiff's constitutional rights. (Doc. 31). Defendant further asserts, it cannot be held liable for the tortious actions or misconduct, such as may exist, of Defendant Breeden or his deputies. *Id*. Furthermore, Defendant maintains that Plaintiff's Section 1983 claims are subject to dismissal inasmuch as the same are inappropriately based on the doctrine of *respondeat superior*. *Id*.

It is well established that "a county cannot be held liable for the tortious actions or misconduct of the sheriff or his deputies and is not required to pay the resulting judgments."

Manders v. Lee, 338 F.3d 1364, 1326 (11th Cir. 2003) (citing Wayne County Bd. of Comm'rs v. Warren, 236 Ga. 150 (1976)).  Likewise, "[a] governmental entity may not be held liable under Section 1983 based upon a theory of *respondeat superior*." Mauldin v. Burnette, 89 F.Supp.2d 1371, 1380 (M.D. Ga. 2000) (citing Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 691 (1978).  Furthermore, as a matter of Georgia constitutional law, "[t]he sheriff is an elected constitutional county officer and not an employee of the county commission." Bd. of Comm'rs v. Saba, 278 Ga. 176, 177 (2004) (citing Ga. Const. Art IX, Sec. I, Para. III(a); Bd. of Comm'rs of Randolph Co. v. Wilson, 260 Ga. 482 (1990)).  Together, these holdings disclose that Plaintiff has failed to assert viable claims against Defendant Lee County, on the basis of *respondeat superior* or otherwise, for alleged tortious conduct of Defendant Breeden or his deputies.

Upon further review of Plaintiff's amended complaint, the Court finds that he has not alleged that Defendant Lee County has promulgated an official governmental policy or maintained an unofficial custom or practice that caused his alleged constitutional violation such that Defendant Lee County could be held liable under Section 1983.  *See* Grech v. Clayton Co., 335 F.3d 1326, 1329-30 (11th Cir. 2003).  For the reasons stated above, Plaintiff's amended complaint fails to state a claim against Defendant Lee County upon which relief can be granted.  Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), said amended complaint is dismissed against this Defendant.  Defendant Lee County, Georgia's Motion to Dismiss Amended Complaint (Doc. 30) is hereby **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, Defendant Lee County, Georgia's Motion to Dismiss Amended Complaint (Doc. 30) is **GRANTED**.

**SO ORDERED**, this   12th   day of October, 2006.

　　　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　**THE HONORABLE W. LOUIS SANDS,**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

5